1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT BUZENES,                    ) Case No. CV 12-9046-JPR
                                   )
                Plaintiff,         )
                                   ) MEMORANDUM OPINION AND ORDER
          vs.                      ) REVERSING COMMISSIONER AND
                                   ) REMANDING FOR FURTHER
CAROLYN W. COLVIN, Acting          ) PROCEEDINGS
Commissioner of Social             )
Security,[1]                       )
                                   )
                Defendant.         )
                                   )

17  **I.   PROCEEDINGS**

18       Plaintiff seeks review of the Commissioner's final decision

19  denying his application for Social Security Supplemental Security

20  Income benefits ("SSI").  The parties consented to the

21  jurisdiction of the undersigned U.S. Magistrate Judge pursuant to

22  28 U.S.C. § 636(c).  This matter is before the Court on the

23  parties' Joint Stipulation, filed July 26, 2013, which the Court

24  has taken under submission without oral argument.  For the

25

26

27       [1]On February 14, 2013, Colvin became the Acting Commissioner
28  of Social Security.  Pursuant to Federal Rule of Civil Procedure
    25(d), the Court therefore substitutes Colvin for Michael J.
    Astrue as the proper Respondent.

1

reasons stated below, the Commissioner's decision is reversed and this action is remanded for the ALJ to consider in the first instance whether res judicata should not apply because it results in a "manifest injustice."

## II.   BACKGROUND

Plaintiff was born on February 8, 1949. (Administrative Record ("AR") 259.)  He worked part-time periodically from 1999 to 2009 as a janitor and then a home caregiver for his mother, but he never earned more than $7500 in a given year. (Id. at 185-87, 195.)

On August 23, 2006, an Administrative Law Judge denied an earlier application by Plaintiff for SSI, finding that although the above-referenced work during the relevant period did not amount to "substantial gainful activity," it nonetheless was "past relevant work" that Plaintiff could perform.[2] (Id. at 85.) He thus found Plaintiff not disabled. (Id. at 86.)  Although Plaintiff was represented by counsel in that case (id. at 83), he did not appeal the ALJ's ruling (id. at 191).

Plaintiff applied for SSI again on February 11, 2009, claiming disability since 1998. (Id. at 176.)  The Commissioner initially determined that res judicata prevented an award of benefits based on the final decision of the ALJ in 2006. (Id. at 188.)  Plaintiff requested review by an ALJ. (Id. at 98-99.)

---

[2]As will be discussed further, Defendant does not appear to dispute that this ruling was erroneous because only "substantial gainful activity" can be "past relevant work." See 20 C.F.R. §§ 416.960(b)(1), 416.965(a).  Even though the 2006 ruling was apparently wrong as a matter of law, it may not be reopened because more than two years have passed since it was rendered. See § 416.1488(b).

After holding three hearings, spanning June 2010 to February 2011 (id. at 23-81), that ALJ found in a written decision issued March 17, 2011, that the earlier ALJ's finding that Plaintiff was not disabled must be given res judicata effect because Plaintiff had not presented any material new evidence or changed circumstances to rebut the presumption created by it (id. at 18).   The Appeals Council denied Plaintiff's request for review of the ALJ's decision.   (Id. at 1.)

**III. STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.   The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

**IV.   THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months.   42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).   When a previous ALJ has found a claimant not disabled, an ALJ considering a subsequent claim will "apply a presumption of continuing nondisability and determine that the claimant is not disabled" unless the claimant rebuts the presumption.   SSAR 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997);

3

see also <u>Chavez v. Bowen</u>, 844 F.2d 691, 693 (9th Cir. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."). A claimant may rebut the presumption of nondisability by showing "changed circumstances." <u>Chavez</u>, 844 F.3d at 693 (internal quotation marks omitted). As discussed further below, res judicata does not apply if the result would be a "manifest injustice."

A.   <u>The Five-Step Evaluation Process</u>

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4); <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. § 416.920(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. § 416.920(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.

4

§ 416.920(a)(4)(iii).  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[3] to perform his past work; if so, the claimant is not disabled and the claim must be denied.

§ 416.920(a)(4)(iv).  The claimant has the burden of proving that he is unable to perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets that burden, a prima facie case of disability is established.  Id.  If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy.  § 416.920(a)(4)(v).  That determination comprises the fifth and final step in the sequential analysis.  § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

      B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in "disqualifying substantial gainful activity" since February 2009, when he filed his application.  (AR 14.)  At step two, the ALJ concluded that Plaintiff had the severe impairment of a learning disorder with average range of intellectual functioning.  (Id.)  He further found that Plaintiff had no physical limitations, noting that there was "no evidence of a material change of circumstance in this regard" from the 2006 nondisability

---

[3]RFC is what a claimant can do despite existing exertional and nonexertional limitations.  20 C.F.R. § 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

1  determination, which also found no physical impairments. (Id. at
2  15; see also id. at 16 (referring to id. at 85).)  At step three,
3  the ALJ determined that Plaintiff's impairments did not meet or
4  equal any of the impairments in the Listing. (Id. at 15.)  At
5  step four, the ALJ found that Plaintiff

6      has no physical limitations.  Mentally, he retains the
7      capacity to perform simple routine mental tasks.  The
8      claimant has no other significant limitations.

9  (Id. at 16.)  Finally, the ALJ concluded, based on the earlier
10  ALJ's finding, that Plaintiff "remain[ed] capable of performing
11  past relevant work as a home care worker" and thus was not
12  disabled.  (Id. at 18.)  The ALJ found that Plaintiff's age
13  change since the 2006 denial did not represent "a 'material'
14  change of circumstance, as required to negate res judicata's
15  reach."  (Id.)  In the alternative, however, the ALJ held that
16  even if res judicata did not apply and Plaintiff had no relevant
17  past work, Plaintiff was not disabled because other jobs existed
18  in the national economy that he could perform.  (Id. at 19.)

19  **V.   DISCUSSION**

20      Plaintiff argues that the ALJ erred in applying res judicata
21  and therefore finding that Plaintiff was not disabled.  He does
22  not contend that changed circumstances existed to overcome the
23  presumption of nondisability.[4]  Rather, he urges that an
24  exception to res judicata exists when a "manifest injustice"

25

26      [4]Plaintiff has not renewed in this Court his argument before
27  the ALJ that his change in age category from "advanced age" (55
    or older) to "closely approaching retirement age" (60 or over)
28  (see AR 18) constituted a change in circumstances so as to bar
    res judicata.

would result from its application and argues that such is the case here. (J. Stip. at 6.) He also claims that the governing Ninth Circuit case, <u>Chavez</u>, is "dead" under the circuit's subsequent decision in <u>Garfias-Rodriquez v. Holder</u>, 702 F.3d 504, 512-13 (9th Cir. 2012) (en banc) (citing <u>Nat'l Cable & Tele. Ass'n v. Brand X Internet Servs.</u>, 545 U.S. 967, 125 S. Ct. 2688, 162 L. Ed. 2d 820 (2005)), and therefore does not control the outcome here. (J. Stip. at 6-7.)

Defendant concedes that absent the res judicata effect of the 2006 finding that Plaintiff had past relevant work, he would be disabled under 20 C.F.R. § 416.962(b) (stating that those over 55 years old with a severe impairment, less than a high school education, and no past relevant work are disabled). (J. Stip. at 12.) Thus, the ALJ clearly erred when he found that even if res judicata did not apply, Plaintiff was not entitled to SSI because other jobs existed that he could perform.

For the reasons stated below, the Court finds that <u>Chavez</u> is still good law but that an exception to res judicata continues to exist to prevent manifest injustice. Because the ALJ mistakenly believed that he was bound by res judicata and did not consider whether that principle resulted in manifest injustice to Plaintiff, Plaintiff is entitled to a remand for the limited purpose of allowing the ALJ to do so.[5]

---

[5]Defendant argues that if the Court finds that res judicata does not apply, it should remand to the ALJ to allow him "to reconsider the issue of past relevant work." (J. Stip. at 13.) But the law is clear – and Defendant has not even bothered to argue otherwise – that "past relevant work" must be "substantial gainful activity," <u>see</u> 20 C.F.R. § 416.960(b)(1), and that Plaintiff's income never met the threshold for substantial

7

1    In Chavez, the Ninth Circuit held that an ALJ erred in not
2  giving preclusive effect to an earlier ALJ's determinations
3  concerning the claimant's RFC, education level, and prior work
4  experience.  See 844 F.2d at 694.  The Court cited Lyle v. Sec'y
5  of Health & Human Servs., 700 F.2d 566, 568 n.2 (9th Cir. 1983),
6  for the proposition that res judicata applies in administrative
7  settings, albeit "less rigidly" than in judicial proceedings.
8  Chavez, 844 F.2d at 693.

9    As an initial matter, even if the Court believed that
10 Garfias-Rodriquez had implicitly overruled Chavez, it would not
11 so hold given that the Ninth Circuit has continued to cite Chavez
12 as good law even after Garfias-Rodriquez.  See, e.g.,
13 Alekseyevets v. Colvin, 524 F. App'x 341, 344 (9th Cir. 2013).
14 Any finding that Chavez has been implicitly overruled must come
15 from the circuit itself.  In any event, however, Garfias-
16 Rodriquez did not undermine Chavez's holding.  It concerned
17 deference to agency interpretation of an ambiguous statute in
18 light of contrary circuit authority.  702 F.3d at 512-14.  Here,
19 although the Social Security Administration apparently believed
20 Chavez was wrongly decided, it has acquiesced in the ruling.  See
21 SSAR 97-4(a), 1997 WL 742758, at *2-3.  Thus, the Ninth Circuit
22 and the agency are now consistent in their interpretation and

24 ─────────────

25 gainful activity, see www.ssa.gov/OACT/COLA/sga.html (table
   showing "monthly substantial gainful activity amounts" by year).
26 Moreover, the ALJ expressly found that Plaintiff had not
   performed any "disqualifying substantial gainful activity" since
27 filing the 2009 application.  (AR 14.)  Thus, remand for
   additional findings as to past relevant work would serve no
28 purpose.

1   application of the relevant law.[6]

2        Whether a "manifest injustice" exception survives <u>Chavez</u> and
3   its progeny is a closer call, however.  Plaintiff relies on
4   several cases that predate <u>Chavez</u> to argue that no res judicata
5   applies in agency proceedings when a "manifest injustice" would
6   result.  (<u>See</u> J. Stip. at 6 (citing <u>Lyle</u>, 700 F.2d at 568 n.2;
7   <u>Thompson v. Schweiker</u>, 665 F.2d 936, 940-41 (9th Cir. 1982)).)
8   Respondent counters that since <u>Chavez</u>, the Ninth Circuit has
9   "made clear" in <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1173
10  (9th Cir. 2008) (interpreting <u>Chavez</u> to mean that "a previous
11  ALJ's findings concerning residual functional capacity,
12  education, and work experience . . . cannot be reconsidered by a
13  subsequent judge absent new information not presented to the
14  first judge"), that "the only way to rebut a prior ALJ finding
15  regarding work experience is to present new and material
16  evidence." (J. Stip. at 10.)  Indeed, in <u>Lester</u>, 81 F.3d at 827-
17  28, which was decided after <u>Chavez</u>, the circuit listed various
18  ways a court could find that res judicata in a Social Security
19  proceeding did not apply, and manifest injustice was not among
20  them.  Apparently in neither <u>Stubbs-Danielson</u> nor <u>Lester</u>,
21  however, did the claimant attempt to invoke the exception, and
22  thus they cannot be read to mean that the exception no longer
23  exists.  <u>See</u> <u>Kinney v. Int'l Bhd. of Elec. Workers</u>, 939 F.2d 690,
24  692 n.3 (9th Cir. 1991) (noting that "silence" on issue cannot be
25  construed to be part of a holding).

26

27       [6]Plaintiff has the law backwards when he states that "[w]hen
28  the Commissioner issues an Acquiescence Ruling, the Ninth Circuit
    yields."  (J. Stip. at 8.)

1    Moreover, as discussed, <u>Chavez</u>, <u>Stubbs-Danielson</u>, and <u>Lester</u>
2  do all make clear that res judicata is to be applied "less
3  rigidly" in agency proceedings than in judicial ones.  Clearly,
4  the manifest-injustice exception to the "law of the case"
5  doctrine, which the ALJ also invoked (<u>see</u> AR 18), continues to
6  apply in judicial proceedings, <u>see, e.g.</u>, <u>Gonzalez v. Arizona</u>,
7  624 F.3d 1162, 1187-88 (9th Cir. 2010) (refusing to apply law of
8  the case because earlier panel's ruling was "clearly erroneous"
9  and thus manifest injustice would result if parties were bound by
10 it), <u>aff'd in part and rev'd in part on other grounds by</u> 677 F.3d
11 383 (9th Cir. 2012) (en banc), <u>aff'd sub. nom.</u>, <u>Arizona v.</u>
12 <u>Intertribal Council of Ariz., Inc.</u>, 133 S. Ct. 2247 (2013), and
13 thus it would be anomalous to foreclose such relief in the "less
14 rigid" context of administrative proceedings.[7]  Moreover, <u>Chavez</u>
15 itself cited and relied on footnote two of <u>Lyle</u>, which
16 specifically recognized the manifest-injustice exception.  <u>See</u>
17 844 F.2d at 693 (citing <u>Lyle</u>, 700 F.2d at 568 n.2 ("Appellant
18 concedes that application of administrative *res judicata* in this
19 case would not result in the 'manifest injustice' of which this
20 Court warned in [<u>Thompson</u>].")).  Thus, <u>Chavez</u> can hardly be

21
22  _____

23    [7]The Court recognizes that in general, the law-of-the-case
   doctrine is itself less rigid, and thus more accommodating of
   discretion, than the res judicata principle.  <u>See</u> <u>United States</u>
24 <u>v. Miller</u>, 822 F.2d 828, 832 (9th Cir. 1987).  Because res
   judicata in an administrative setting is less rigid than in a
25 judicial proceeding, the former may mirror application of the
   law-of-the-case doctrine in a judicial setting.  <u>See</u> <u>Lester</u>, 81
26 F.3d at 827-28 & n.4 (noting that "Commissioner's authority to
   apply res judicata to the period *subsequent* to a prior
27 determination is much more limited" than authority to refuse to
   reopen decision as to earlier period (emphasis in original)).
28

10

1    interpreted to have intended to do away with the exception.
2    Accordingly, the Court finds that the manifest-injustice
3    exception to res judicata continues to apply in Social Security
4    proceedings.

5         The question remains, however, whether Plaintiff will suffer
6    a manifest injustice if res judicata bars his disability claim.
7    Unlike in <u>Thompson</u>, 665 F.2d at 940-41, the main case on which he
8    relies, Plaintiff here was represented by counsel in the earlier
9    proceeding (AR 83) and simply chose not to appeal (<u>id.</u> at 191).
10   On the other hand, the parties do not dispute that the 2006
11   finding that Plaintiff had past relevant work – and therefore was
12   not disabled – was clearly erroneous.  Indeed, the ALJ in this
13   case noted Plaintiff's "forceful" argument in that regard but
14   found that he was "without authority" to reconsider the 2006
15   finding because it was "law of the case."  (<u>Id.</u> at 18.)  It may
16   well be a manifest injustice for Plaintiff to continue to be
17   bound by a clearly erroneous ruling, <u>cf.</u> <u>Gonzalez</u>, 624 F.3d at
18   1187-88, particularly because he has already been disadvantaged
19   by not receiving benefits for the period related to his earlier
20   application even though he was likely entitled to them, <u>see</u>
21   § 416.962(b).  But that determination is for the ALJ to make in
22   the first instance.[8]

23
24
25

_____

26        [8]At times, the ALJ hearing Plaintiff's 2009 application was
     noticeably frustrated with Plaintiff's attorney, although it is
27   not apparent from the bare pages of the transcript why.  (<u>See,</u>
     <u>e.g.</u>, AR 42, 72-74.)  The Court hopes that the proceedings upon
28   remand will go more smoothly.

**VI.   CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[9] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING for further proceedings consistent with this Memorandum Opinion and Order.  IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 27, 2013

JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[9]     This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."